UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KWASI KYEI-BAFFOUR,

Plaintiff,

-against-

CHASE BANK,

Defendant.

26-CV-3754 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the court's federal question jurisdiction, seeking return of money that he alleges was seized by Defendant Chase Bank. By order dated June 29, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special

solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff brings this action against Chase Bank, invoking the court's federal question jurisdiction. He states that the events giving rise to his claims occurred in the Bronx, New York, on August 25, 2020. The following facts are drawn from the complaint.[1] In 2020, Plaintiff was approved for a loan through the Small Business Administration ("SBA"). The funds from the loan were deposited in a Chase Bank account.[2] Plaintiff alleges that Chase "locked the funds" and closed this account, and that the funds have not been returned to him.[3] (ECF 1, at 5.)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] Plaintiff does not state the amount of the SBA loan.

[3] Documents attached the complaint suggest that there was approximately $21,000 in Plaintiff's bank account. (*See* ECF 1, at 10.)

Plaintiff further alleges that "[t]he bank gave [him] a note stating that the funds have been seized because it was deposited into [his] regular checking accounts instead of a business account." (*Id.* at 5-6.) He attaches to the complaint a letter from Chase, dated June 25, 2021, stating,

> We're following up on an email you received recently from the U.S. Secret Service (USSS) about funds it seized from your Chase account ending in 7928, which has been closed. As stated in the email, the seized funds were subject to forfeiture pursuant to Title 18 USC 981 as properties that were used in, or acquired by, violation of Title 18 USC 1343.[4]

(*Id.* at 11.)

The letter from Chase also described the "three options" that the USSS's email presented to Plaintiff:

> 1. You may disagree with the seizure and petition the USSS for return/remission of the forfeited property by filing the 'Petition for Remission/Mitigation' form attached in the email.
>
> 2. You may disagree with the seizure and seek to contest it in the U.S. District Court by filing the 'Seized Asset Claim Form' attached in the email.
>
> 3. You have no interest in the property and therefore do no need to respond to the email at all.

(*Id.*) Chase's letter also provided Plaintiff with an email address at which to contact the USSS should he have any questions.

---

[4] Section 1343 criminalizes fraud by wire, radio, or television, and provides

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purposes of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1343.

Plaintiff also attaches to the complaint completed copies of the "Petition for Remission/Mitigation Form" and "Seized Asset Claim Form," both of which are dated April 16, 2026. Plaintiff provides no indication that the forms were submitted to the USSS or any other federal entity. (*See id.* at 16-24.)

Plaintiff has been repaying his loan to the SBA, even though he does not have the funds, and the SBA is now "threatening to send [Plaintiff] to the Treasury for collection if [he] do[es] not speed up [his] payments." (*Id.* at 1.)

Plaintiff asks the Court to "get back [his] funds" and to "quash away the interest if the funds are to be returned to the S.B.A." (*Id.* at 6.)

## DISCUSSION

### A. Federal claims against Chase Bank

Plaintiff names Chase Bank as the sole defendant in this action, and seeks the return of money that his allegations suggest has been seized by the federal government. Plaintiff invokes the court's federal question jurisdiction, but he does not state the federal law under which his claims against Chase arise. Plaintiff seeks the return of his seized money, but his allegations show that Chase no longer has his money; it has been forfeited to the USSS. As discussed in detail below, a claim against the USSS is the exclusive means by which Plaintiff may challenge the forfeiture. The Court therefore dismisses Plaintiff's federal claims against Chase for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Challenge to the forfeiture of Plaintiff's money

Plaintiff alleges that his funds were "seized" and attachments to his complaint show that, sometime before June 25, 2021, the United States Secret Service seized the funds in Plaintiff's Chase account because the funds were "subject to forfeiture," pursuant to 18 U.S.C. § 981, as property used in or acquired through violations of the federal wire fraud statute. (*See* ECF 1, at

11.) Because Plaintiff seeks the return of the seized money, the Court construes Plaintiff's complaint as seeking to challenge the 2021 forfeiture of the funds in his Chase Bank account.

### 1. Pre-forfeiture procedures

The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), codified at 18 U.S.C. § 983, sets forth the procedures for administrative and judicial forfeitures. Under CAFRA, the government can commence "nonjudicial civil forfeiture proceedings . . . [by] send[ing] written notice to interested parties . . . in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure." 18 U.S.C. § 983(a)(1)(A)(i).

After receiving notice, an interested party may file "a claim with the appropriate official after the seizure" "not later than the deadlines set forth in the personal notice letter . . . except that if that letter is not received, then a claim may be filed not later than 30 days after the date of final publication of notice of the seizure."[5] 18 U.S.C. § 983(a)(2)(A), (B). The claim is then transferred to a United States Attorney who must initiate a judicial forfeiture action in a federal district court within 90 days or return the seized property. *See* 18 U.S.C. § 983(a)(3).[6] If the person fails to file a timely claim, the property is administratively forfeited.

### 2. Post-forfeiture procedures

Even after a forfeiture is completed, CAFRA provides a limited mechanism for a party to challenge a seizure on the ground that the government failed to provide him with appropriate notice. *See* 18 U.S.C. § 983(e)(1) ("Any person entitled to written notice in any nonjudicial civil

---

[5] In order to be valid, a claim must "(i) identify the specific property being claimed; (ii) state the claimant's interest in such property; and (iii) be made under oath, subject to penalty of perjury." 18 U.S.C. § 983(a)(2)(B).

[6] As an alternative to filing a claim, an interested party may instead file a petition for remission or mitigation. *See* 28 C.F.R. §§ 9.1-9.9. "A petition for remission or mitigation does not serve to contest the forfeiture, but rather is a request for an executive pardon of the property based on the petitioner's innocence." *Ibarra v. United States*, 120 F.3d 472, 475 (4th Cir. 1997).

forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property . . . .").

Section 983(e) "provides [the] exclusive remedy to challenge the administrative forfeiture. The only issue [a] court can consider is whether [the claimant] received the appropriate notice in sufficient time to contest the agency's action of summarily forfeiting the [property]." *Valderrama v. United States*, 417 F.3d 1198, 1196 (11th Cir. 2005); *see Hayes v. United States*, No. 08-CV-6525 (RMB) (HBP), 2009 WL 1856789, at *9 (S.D.N.Y. Feb. 18, 2009) (holding the same and collecting cases), *report and recommendation adopted*, 2009 WL 1867965 (S.D.N.Y. June 29, 2009*); see also Adeyi v. United States*, No. 06-CV-3842 (ARR) (LB), 2008 WL 793595, at *4 (E.D.N.Y. Mar. 25, 2008) ("Federal courts lack jurisdiction to review the merits of administrative forfeiture decisions. However, federal courts have jurisdiction to determine whether the government provided legally adequate notice of forfeiture." (citing *Weng v. United States*, 137 F.3d 709, 713 (2d Cir.1998), *abrogated on other grounds by Dusenberry v. United States*, 534 U.S. 161 (2002)); *Aquasviva v. U.S. Drug Enf't Admin.*, No. 02-CV-3076 (TPG), 2004 WL 1900341, at *4 (S.D.N.Y. Aug. 24, 2004) (holding that the court lacks jurisdiction of claim where claimant did not file a proper timely claim and was not challenging notice, but rather "contest[ing] the forfeiture in its entirety").

To bring a notice-based claim under Section 983(e)(1), a plaintiff must allege facts showing that (1) "the Government knew, or reasonably should have known of the moving party's interest and failed to take reasonable steps to provide such party with notice," and (2) "the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim." 18 U.S.C. § 983(e)(1); *see Cobar v. Drug Enf't Admin. Asset Forfeiture Section*,

No. 12-CV-7415 (KPF), 2014 WL 1303110, at *7 (S.D.N.Y. Mar. 31, 2014), *aff'd sub nom. Cobar v. Drug Enf't Admin.*, 600 F. App'x 31 (2d Cir. 2015). Any such motion must "be filed not later than 5 years after the date of final publication of notice of seizure of the property." 18 U.S.C. § 983(e)(3).

**3. The Court lacks jurisdiction of Plaintiff's CAFRA claim**

Here, even if Plaintiff had sued the USSS, his challenge to the government's seizure of his money must be dismissed. As discussed above, there are two ways to obtain judicial review of a forfeiture under Section 983: (1) Under Section 983(a), before the forfeiture is complete, a claimant can file a claim with the federal agency, which will then have 90 days to either file a complaint against the claimant in federal court or return the property; or (2) after the forfeiture is complete, a claimant can bring an action in federal court, under Section 983(e), alleging that he did not receive proper notice of the forfeiture. Plaintiff does not allege that he filed a timely claim with the USSS, and it is clear that an action was not brought by the USSS in federal court. Accordingly, Plaintiff cannot recover his forfeited money under the procedures set forth in Section 983(a).

If a claimant did not file a claim and seek judicial review under Section 983(a), the only other avenue to challenge the forfeiture is through an action under Section 983(e), alleging that he was entitled to, but did not receive, the proper notice. *See Valderrama*, 417 F.3d at 1196. Here, however, nothing in the complaint suggests that Plaintiff is challenging a lack of notice. Nowhere in the complaint does Plaintiff allege that he was not provided with proper notice, and none of his allegations suggest that this is the basis of his challenge.

In fact, Plaintiff's allegations and the attachments to the complaint suggest that Plaintiff *did* have notice of the forfeiture. The June 25, 2021 letter from Chase Bank attached to the complaint references an email that Plaintiff "received recently" from the USSS informing him of

the forfeiture and explaining to him how to contest it. (ECF 1, at 11.) Even if the Court assumes that Plaintiff did not receive the email from the USSS, an allegation that Plaintiff does not make, the letter from Chase summarizing the USSS email suggests that Plaintiff was aware that the USSS seized his money and that the forfeiture was underway at least as early as June 25, 2021. *See, e.g.*, *CNEST Oregon Sols., LLC v. United States*, 96 F. Supp. 3d 726, 735 (S.D. Ohio 2015) (holding that "actual knowledge" of the seizure is sufficient and that "[c]ases applying the statute clearly hold that a claimant's 'knowledge' of the seizure is not measure by whether or not the government sent a written notice to that person" and collecting cases)); *cf.* 18 U.S.C. § 983(e)(1)(B) (requiring the granting of a motion to set aside a forfeiture when, *inter alia*, "the moving party **did not know** . . . **of the seizure** within sufficient time to file a timely claim" (emphasis added)).[7] Again, Plaintiff does not allege that he never received notice of the seizure or forfeiture proceedings, or that he was actually unaware of the seizure or the proceedings.

Although Plaintiff submitted a claim form to this court as an attachment to his complaint, such a form must be submitted to the federal agency or official responsible for the forfeiture, which then transfers the claim to the Unites States Attorney, who must decide whether to bring a forfeiture action in federal court. *See* 18 U.S.C. § 983(a)(2), (3). Nothing in CAFRA permits a claimant to challenge a forfeiture by filing a claim form with a federal court years after the forfeiture is complete.

Because Plaintiff does not allege facts suggesting that he properly filed a timely claim or that he is challenging notice of the forfeiture, the Court lacks jurisdiction of his challenge to the

[7] While actual notice may suffice for avoiding liability under Section 983(e), "the Government does not need to 'provide actual notice'; it is enough that it *attempt to provide* actual notice'" *United States v. Brome*, 942 F.3d 550, 553 (2d Cir. 2019) (quoting *Dusenbery v. United States*, 534 U.S. 161, 170 (2002)).

forfeiture. *See Aquasviva*, 2004 WL 1900341, at *4 (holding that the court lacks jurisdiction over claim where claimant did not file a proper timely claim and was not challenging notice, but rather "contest[ing] the forfeiture in its entirety").

**C. Claims under state law**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Although it appears that Plaintiff

cannot state a viable claim against USSS, in light of his *pro se* status, the Court grants Plaintiff 30 days' leave to file an amended complaint naming the USSS as the defendant and alleging facts in support of a claim challenging the notice of the forfeiture under Section 983(e).

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action

**CONCLUSION**

The Court dismisses Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: August 11, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge